**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Mark Burcaw, et al.,** | ) | **CASE NO. 1:07 CV 1531** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Allegheny Wesleyan Methodist,** | ) | **Memorandum of Opinion and Order** |
| **Connection, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This case involves a dispute among church members regarding the disposition of church property. Defendants removed this case from state court. For the following reasons, the Court finds that it lacks jurisdiction over this matter. Accordingly, the Court *sua sponte* remands this action to state court.

### FACTS

Plaintiffs, Mark and Nancy Burcaw, and Paul and Carolyn McHugh, filed this action against defendants, Allegheny Wesleyan Methodist Connection ("Methodist Church"), Reverend

William Cope, David Blowers, Larry Brunk, William McCreary and Wesley Patterson, alleging

wrongdoing in connection with the sale of church property.

This action was filed in state court.  According to the complaint, plaintiffs wanted to

become members of the Methodist Church.  Plaintiffs allege that defendants denied their request

and, in doing so, failed to follow the Discipline.  The Discipline is the "fundamental law or

constitution" of the church.  Shortly thereafter, church members voted to sell certain real

property belonging to the church.  Plaintiffs argue that the proposed sale of the church property

violates the Discipline.

The complaint contains three claims for relief.  Count one seeks a declaratory judgment

regarding the control and disposition of the church's property.  Count two seeks a permanent

injunction preventing defendants from selling church property in contravention of the Discipline.

Count three alleges a claim for breach of contract.

Defendants removed this action to this Court.  This Court reviewed the removal papers

and, questioning its jurisdiction, asked defendants to file a brief in support of jurisdiction.

Defendants have done so.

**DISCUSSION**

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b), on the

grounds that this is a "civil action brought in State court of which the district courts of the United

States have original jurisdiction . . . ."  If the Court's jurisdiction is founded on a claim or right

arising under the Constitution, treaties or laws of the United States, the action is removable

without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). The party

seeking removal bears the burden of demonstrating that the Court has jurisdiction. *Eastman v.*

*Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).  Any doubt as to whether removal

is proper must be resolved in favor of remand.  *Coyne v. American Tobacco Co.*, 183 F.3d 488,

492 (6th Cir. 1999).

Whether an action arises under federal law is determined by reference to plaintiffs'

well-pleaded complaint.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The existence

of a federal defense will not bring a plaintiff's state-law claim within the Court's federal

question jurisdiction. *Id*. This is so even if the defense is anticipated by the well-pleaded

complaint and the parties agree that the federal defense is the only matter truly at issue.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Rivet v. Regions Bank of Louisiana*, 522

U.S. 470 (1998).

Upon review, the Court finds that it lacks jurisdiction over this matter.  According to

defendants, this Court has jurisdiction over this matter because the alleged wrongdoing

implicates the First Amendment.  The complaint alleges that defendants improperly attempted

to dispose of church property.  There is no allegation, however, that any of the defendants are

state actors.  Accordingly, to succeed on plaintiffs' complaint, plaintiffs need not (and cannot)

invoke the First Amendment.  In essence, defendants' argument rests on the claim that the

First Amendment bars civil court consideration of the issues in this case.  Specifically,

defendants claim that the complaint raises issues purely ecclesiastical in nature and, as such,

civil courts may not interfere in the dispute.  This argument, however, is tantamount to a

*defense* to the action.  Removal jurisdiction cannot be based on a federal defense, even if the

federal defense is the only matter truly at issue.  *Id*.   Because plaintiffs' complaint does not

rest on any federal or constitutional claim, this Court lacks jurisdiction over this matter.[1]

**CONCLUSION**

Having reviewed defendants' removal papers and their brief in support of jurisdiction, this Court finds that it lacks jurisdiction over this matter. Accordingly, the matter is *sua sponte* remanded to the Geauga County Court of Common Pleas.

IT IS SO ORDERED.

           /s/Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Date:    8/02/07

---

[1]    Defendants argue that "state action" exists because the state court judge entered an order preventing defendants from disposing of the church property at issue. According to defendants, the issuance of this order violates the First Amendment. This Court seriously doubts the validity of defendants' argument. Even assuming *arguendo* that defendants are correct, it does not change the fact that defendants' are relying on a federal defense to invoke this Court's jurisdiction.

4